## APPEAL OF CAREY VAN FLEET.

Docket No. 2047. Submitted July 11, 1925. Decided October 12, 1925.

*Held,* under the evidence, that a fee for legal services received in 1922 was not taxable income in that year.

*Carey Van Fleet, Esq.,* in propria persona.
*A. Calder Mackay* and *Ward Loveless, Esqs.,* for the Commissioner.

## Before GRAUPNER, TRAMMELL, and PHILLIPS.

This appeal is from the determination of a deficiency in income tax for 1922 in the amount of $3,724.69. It is based upon the action of the Commissioner in including in taxable income for that year an amount received as attorney's fees which was not reported by the taxpayer in his income-tax return.

### FINDINGS OF FACT.

While the case of *Wardell* v. *Blum,* which involved the estate tax as applied to the wife's interest in community property in California, was pending in the Federal court, the same question arose with respect to the estate of R. D. Robbins. The firm of Robbins, Elkins & Van Fleet, of which the taxpayer was a member, was employed by the Robbins estate to obtain a determination with respect to the tax liability of that estate. On January 10, 1921, a petition was filed in the Superior Court of the State of California in and for Solano County in the matter of the estate of R. D. Robbins, asking the court to permit Sadie M. Robbins and Reuel D. Robbins, Jr., the executors of the last will and testament of R. D. Robbins, deceased, to enter into a contract with the above firm of attorneys to represent the estate in the matter of its tax liability for estate taxes due the Federal Government. The petition to the court asking for authority for the executors to enter into the contract with the said firm of attorneys contained the following language:

Wherefore, your petitioners pray for the authority of this court to enter into a contract with said firm of attorneys authorizing them to obtain a reduction of the excessive amount of taxes assessed against the estate of the decedent for said Federal Estate Tax, or to recover any excessive amounts which may be paid said Government, the compensation of said attorneys to be based upon fifteen per cent (15%) of the excess taxes assessed against said estate of said decedent by said Government, or of the excessive amount paid to said Government pursuant to said Federal Estate Tax, and for an Order granting them authority to enter into a contract with said firm of attorneys to collect said refunds from said Government upon the basis of fifteen per cent (15%) of the amounts collected and refunded to said estate.

The petition was granted and an order was issued authorizing the executors to enter into said contract with said firm of attorneys

upon a contingent fee basis, and the executors entered into the contract pursuant to the order of the court.

The said firm of attorneys, after entering into the contract with the Robbins estate, was associated in the litigation of *Wardell* v. *Blum* and assisted as *amicus curiae* in the presentation of that case before the Circuit Court of Appeals and before the Supreme Court of the United States upon a writ of certiorari. On January 3, 1921, the United States District Court rendered a decision in the case of *Wardell* v. *Blum*, holding that the wife's community interest was not subject to Federal estate tax. The United States Circuit Court of Appeals affirmed this decision on October 24, 1921. Petition for a writ of certiorari was filed in the Supreme Court of the United States on January 20, 1922, and was denied on March 6, 1922. On or about March 16, 1922, the firm of Robbins, Elkins & Van Fleet, having notified the Robbins estate of the denial of the writ of certiorari by the Supreme Court, the executors paid over to the said firm the amount of $87,964.67.

Shortly after the receipt of the fee from the executors, during the month of March, 1922, there was served upon the attorneys in the case of *Wardell* v. *Blum* a notice of a motion to revoke the order of the Supreme Court denying the petition for a writ of certiorari. The motion was afterwards filed in the Supreme Court and was set for hearing on the 10th day of April, 1922. Briefs were filed in opposition to the said motion, which the said firm of Robbins, Elkins & Van Fleet assisted in preparing.

On October 22, 1923, the motion to revoke the order denying the petition for a writ of certiorari was withdrawn upon an order by the Supreme Court of the United States permitting such withdrawal.

Upon notice of motion to revoke the order denying certiorari on or about March 30, 1922, the executors of the estate of R. D. Robbins, deceased, agreed with the firm of which the taxpayer was a member that they would not immediately demand the return of the fee but stated that if the litigation was finally decided adversely to the contentions of such attorneys, said fee should be returned by said firm of attorneys to said executors.

On February 7, 1925, the Treasury Department issued Treasury Decision 3670, containing the opinion of the Attorney General with respect to the estate tax on community property in California and which made the decision in *Wardell* v. *Blum* applicable to all pending estate tax cases in California. No action was taken by the Bureau of Internal Revenue with respect to the Robbins estate until after the promulgation of the above Treasury Decision. The contingency on which the fee was based had not happened in that the result to be obtained had not been obtained during the taxable year in which the fee was paid. It was paid under a mutual mistake of fact.

After the motion to revoke the order denying a writ of certiorari in the case of *Wardell* v. *Blum*, the accountants for the firm of Robbins, Elkins & Van Fleet entered said fee on the books of the partnership as "Deferred income." It was so entered during the month of August, 1922.

The books of the firm of Robbins, Elkins & Van Fleet, as well as the books of the taxpayer, were kept on the basis of cash receipts and disbursements.

## DECISION.

The deficiency determined by the Commissioner is disallowed.

## OPINION.

TRAMMELL: The question in this appeal is whether a taxpayer, who keeps his books on the basis of cash receipts and disbursements, receives taxable income when money is paid to him under a mutual mistake of fact for services which have not been rendered. The taxpayer was not employed to obtain a settlement of the tax liability in the case of *Wardell* v. *Blum*. His services in that case were merely incidental and to assist him in the handling of the case of the Robbins estate. The fee to be paid was on a contingent basis. The contingency was the settlement with the Bureau of Internal Revenue of the assessment against the estate of Robbins. The tax liability of that estate was not settled and determined during 1922, the year in which the fee was paid to the law firm of which the taxpayer was a member. While the Supreme Court denied the writ of certiorari in the case of *Wardell* v. *Blum*, a motion was filed to vacate the action denying the writ of certiorari and the Bureau did not acquiesce and follow that decision until after the Attorney General had rendered an opinion on the question. The result to be obtained by the law firm of which the taxpayer was a member had not been obtained during 1922. The order of the court granting the petition of the executors to be permitted to employ the attorneys made the payment contingent on a reduction of taxes assessed or refund of taxes paid, and until such reduction was obtained or refund received any payment by the executors was premature and unauthorized. The fee which was paid the law firm in that year was clearly paid under a mistake of fact, which was recognized by both parties. Since the services to be performed had not been rendered, the money which was paid became impressed with a trust in favor of the executors of the estate of Robbins. The money did not belong absolutely to the law firm and an action could have been immediately brought by the executors to recover the said amount. Instead of doing so, however, they entered into an agreement whereby the money was not to be repaid immediately and was not

to be repaid unless the litigation was finally decided adversely. This was an acknowledgment by the attorneys, as well as by the executors, that the attorneys were not entitled to the fee at the time it was paid.

When a taxpayer keeps his books upon the basis of cash receipts and disbursements, the receipt of compensation for services is ordinarily income in the year in which it is received, whether the services were rendered during the taxable year or not. This does not apply to cases where the compensation was paid under a mutual mistake of fact and where the money becomes impressed with a trust in favor of the payer.