*827 OPINION.
Trammell:
The question in this appeal is whether a taxpayer, who keeps his books on the basis of cash receipts and disbursements, receives taxable income when money is paid to him under a mutual mistake of fact for services which have not been rendered. The taxpayer was not employed to obtain a settlement of the tax liability in the case of Wa/rdell v. Blum. His services in that case were merely incidental and to assist him in the handling of the case of the Eobbins estate. The fee to be paid was on a contingent basis. The contingency was the settlement with the Bureau of Internal Eevenue of the assessment against the estate of Eobbins. The tax liability of that estate was not settled and determined during 1922, the year in which the fee was paid to the law firm of which the taxpayer was a member. While the Supreme Court denied the writ of certiorari in the case of Wardell v. Blum, a motion was filed to vacate the action denying the writ of certiorari and the Bureau did not acquiesce and follow that decision until after the Attorney General had rendered an opinion on the question. The result to be obtained by the law firm of which the taxpayer was a member had not been obtained during 1922. The order of the court granting the petition of the executors to be permitted to employ the attorneys made the payment contingent on a reduction of taxes assessed or refund of taxes paid, and until such reduction was obtained or refund received any payment by the executors was premature and unauthorized. The fee which was paid the law firm in that year was clearly paid under a mistake of fact, which was recognized by both parties. Since the services to be performed had not been rendered, the money which was paid became impressed with a trust in favor of the executors of the estate of Eobbins. The money did not belong absolutely to the law firm and an action could have been immediately brought by the executors to recover the said amount. Instead of doing so, however, they entered into an agreement whereby the money was not to be repaid immediately and was not *828 to be repaid unless the litigation was finally decided adversely. This was an acknowledgment by the attorneys, as well as by the executors, that the attorneys were not entitled to the fee at the time it was paid.
When a taxpayer keeps his books upon the basis of cash receipts and disbursements, the receipt of compensation for services is ordinarily income in the year- in which it is received, whether the services were rendered during the taxable year or not. This does not apply to cases where the compensation was paid under a mutual mistake of fact and where the money becomes impressed with a trust in favor of the payer.